## John B. Newton v. A. I. Clarke.
## Gen. No. 13,323.

1. DEMURRER—*what waives action of court in overruling.* Pleading to a declaration waives any error in the action of the court in overruling a demurrer to such declaration.

2. COMMON COUNTS—*what essential to admissibility of promissory note under.* A promissory note is not admissible under the common counts without proof of the signature of the maker. Such a note likewise is not admissible under a special count declaring thereon without proof of the averments of such special count.

3. PROMISSORY NOTE—*what establishes prima facie case in action upon.* In the absence of a verified denial of execution, the production of a promissory note, without more, makes a *prima facie* case.

4. PROMISSORY NOTE—*when defenses of want of failure of consideration do not lie.* A promissory note, the consideration for which is the plaintiff's promise to do a particular thing, is not defensible either upon the want of or a failure of consideration where such plaintiff fails to keep such promise.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed December 6, 1907.

MYER S. EMRICH, for appellant.

ALFRED LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment on a directed verdict for the plaintiff in an action of *assumpsit* on the following promissory note:

"$500.                    CHICAGO, December 29, 1903.

May 10, 1904, after date I promise to pay to the order of myself five hundred and no/100 dollars at Chicago. Value received, with interest at the rate of 7 per cent. per annum after maturity.

JOHN B. NEWTON.

(Indorsed on the back thereof) JOHN B. NEWTON,
                          T. L. MORAN."

Newton v. Clarke.

The original declaration contains a special count and the common counts. The special count avers that defendant made his promissory note in writing, delivered the same to the plaintiff and thereby "promised to pay to the order of himself, by the name, style and description of Chicago, Illinois, December 29, 1903, May 10, 1904, after date I promise to pay to the order of myself five hundred and no/100 dollars at Chicago, value received, with interest at the rate of seven per cent. per annum after maturity. (Signed) John B. Newton, indorsed on the back thereof John B. Newton, T. L. Moran," and then avers that the defendant indorsed and delivered the note to Moran, and that Moran delivered it to plaintiff.

The plaintiff filed two additional special counts. The first avers the making and indorsement of the note by the defendant, the delivery of the note thus indorsed to the plaintiff and defendant's failure to pay the same, etc. The defendant pleaded to the additional counts the following plea:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because he says that the several supposed causes of action in the said additional counts mentioned are one and the same, to-wit: the supposed cause of action in the said first count mentioned, and not different causes of action, and that the said supposed promissory note in that count mentioned was made by the defendant and delivered to the plaintiff, upon the specific undertaking of the plaintiff, in consideration therefor to deliver to the defendant certain shares of stock, but nevertheless the plaintiff wholly failed in that regard to deliver to the defendant said shares of stock, or any part thereof, and that the defendant did not receive from the plaintiff anything of value, of any nature or description whatsoever, for the said supposed promissory note herein set forth, and so the defendant says that the said supposed promissory note was made with-

out any good or valuable consideration, and this he, the defendant, is ready to verify.''

Defendant pleaded to the first count of the original declaration, and the ruling of the court in overruling his demurrer to that count is not before us for review. The note was, on its production by the plaintiff, admitted in evidence over the objection of the defendant, without proof of the signature of the maker, or of the averments of the first special count. It was not admissible under the first special count without proof of the averments of that count. Bonner v. Gordon, 63 Ill. 443. It was not admissible under the common counts without proof of the signature of the maker. Hall v. Freeman, 59 Ill. 55.

The defendant filed no verified plea. The first additional count is a good count upon the note, and it was admissible under that count, upon its production without other evidence. It will be presumed, therefore, that it was admitted under that count. The introduction of the note made a *prima facie* case for the plaintiff. The burden of proving the averments of his plea above set forth was upon the defendant.

The only evidence tending to prove the special plea was the testimony of the defendant that Moran proposed to him that if he would take 500 shares of stock in some oil company, ''so that he could make a showing to the people, at the time the note was due and paid for, I need not take over a hundred shares if I did not want to. I executed the note then and there to myself and gave it to Moran; the stock was not to be delivered until the note was paid and I have never seen anything of the stock or anything else. * * * Q. When were you to get the stock and when were you to pay the note? A. In six months, at the time the note was due. When I was to pay the note I was to get the stock.''

The plaintiff apparently treated the plea as one setting up both a want of consideration and a total failure of consideration, for the replication is *precludi*

*non,* "because he says that the said promissory note was made for a good and valuable consideration, and that the consideration did not wholly fail, as the defendant has above alleged, etc.," concluding to the country. Taking the view most favorable to the defendant, assuming that his plea avers both that the note was made without consideration, and that the consideration therefor had wholly failed, both allegations were traversed by the replication, and the question is presented whether the evidence tended to prove either allegation. Upon defendant's own testimony, the promise of Moran to deliver to him shares of stock in an oil company was the consideration for the note. The misfortune of the defendant is not that he did not have Moran's promise or that anything has occurred to prevent his recovery for breach of such promise, but merely that he has not received the benefit from the promise which he was authorized to expect. The question here presented was before the Supreme Court in Gage v. Lewis, 68 Ill. 604. In that case the plaintiff was the obligee in the bond declared on, and the question arose upon demurrer to the plea, and in the opinion Mr. Justice Scholfield said (p. 616): "In other words, he signed the bond upon the faith of a contract with the plaintiff, which the plaintiff has since failed to keep. The case would, in principle, have been nowise different had plaintiff agreed to have paid him a sum of money by a given day, in consideration of his signing the bond, and when the day arrived failed to make payment. It could scarcely be claimed in such a case, while the defendant would have had his remedy upon his contract, that there was no consideration, or that it had failed.

"The case is plainly distinguishable from the class of cases where, in the sale and delivery of personal property, or the purchase of real estate, the title fails, it is held, that such failure may be interposed as a defense to a suit brought for the recovery of the purchase money. In those cases the considera-

tion is the title to the property, while here it is the representation and promise of the party to do an act in the future. The principle is clearly and concisely stated in 1 Parsons on Notes and Bills, 203, thus: 'We must, however, discriminate between a failure of consideration and a failure of benefit resulting from it. A promises B to do a certain thing, and B makes his note to A in consideration of this promise. Then A fails entirely to perform his promise, but sues B on his note. If B retains A's promise, or if the contract is such that A is always and permanently held on his promise, B cannot defend against the note on the ground of a failure of consideration; but if B cancels A's promise, and A accepts this, the contract is so far canceled and annulled, and then the consideration for the note fails.' See also Willets v. Burgess, 34 Ill. 498.''

We think that the evidence does not tend to prove either that the note sued on was made without consideration, or that the consideration therefor had failed, and that the court did not err in directing a verdict for the plaintiff.

The judgment of the Superior Court will be affirmed.

*Affirmed.*