**J. Walker Smith, Trustee, et al., Defendants in Error, v. Western Trust & Guaranty Company et al., Plaintiffs in Error.**

**Gen. No. 14,493.**

1. NEGOTIABLE INSTRUMENTS—*what not failure of consideration.* If a note is executed upon the faith of a promise or covenant of the maker which promise is not performed, there is no failure of consideration so far as the note is concerned, but a breach of covenant.

2. NEGOTIABLE INSTRUMENTS—*who bona fide assignee for value.* If a note is transferred before maturity to trustees for various banks severally holding obligations against the assignor, such trustees are *bona fide* purchasers for value.

3. PLEADING—*what defense may be made under general issue.* The defense of the failure of consideration of a promissory note may be made under the general issue.

Assumpsit. Error to the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed October 25, 1909.

**Statement by the Court.** Originally three banks were joined with the defendants in error, as plaintiffs, in an action of *assumpsit* against plaintiffs in error in the Superior Court. Subsequently the pleadings in the cause were amended by striking out the names of said banks. The declaration consists of

two special counts and the common counts, with a copy of the instrument sued on. That instrument was a promissory note made by said defendant Trust Company September 28, 1903, for $5,000, payable to the order of the Kenmare Dry Coal & Manufacturing Company ninety days after date, and endorsed by said Coal Company and the defendants, Everett and Day. Both special counts averred, that said note was endorsed by Everett and Day before delivery to the Coal Company, and that before maturity the plaintiffs purchased the same, etc. The first count declared against all the defendants as makers of said note. The second declared against the Trust Company as maker and against Everett and Day as guarantors. The Trust Company pleaded *non assumpsit* and a special plea. Everett and Day joined in a plea of *non assumpsit* and in a special plea which was the same as the special plea of the Trust Company. Each special plea set up that the note had been given to the Coal Company by the Trust Company contemporaneously with, and as a part of, a certain written contract which was made a part of the plea; that this contract as amended provided for the issuance of $200,000 of bonds by the Coal Company, constituting a first lien upon its entire property, and appointed the Trust Company fiscal agent for the Coal Company; that it further provided:

"4. The Coal Company shall arrange with its creditors to release their present obligations so far as the same may be liens of record against the property of the Coal Company, with the understanding that the said creditors are to receive, upon the issuance of the said bonds, an equivalent amount of same as collateral to cover their obligations.

"5. The Trust Company at the time of the making of this contract shall execute and deliver to the Coal Company its promissory note in the sum of Five Thousand Dollars ($5,000), maturing ninety days from date, bearing interest at the rate of six per cent per annum, said amount, when paid, to be applied by the

Coal Company in the liquidation of a like amount of indebtedness of the said Coal Company.''

The plea then avers that the Coal Company ''did not and could not make its said bond issue a first lien on its said property, and did not arrange with its creditors to release their obligations so far as the same were liens of record against the said property. That among the liens so standing of record against the property of the said Kenmare Dry Coal & Manufacturing Company was the mortgage referred to in the said contract as the Birkholtz mortgage; that the lien of said mortgage has never been released so as to make the aforesaid bond issue a first lien on the property of the said Kenmare Dry Coal & Manufacturing Company; that the failure of the said Kenmare Dry Coal & Manufacturing Company to perform its said promises prevented this defendant from carrying out its agreement under the said contract, or deriving any advantage or benefit therefrom; and so this defendant says that the consideration upon which the said note was executed has wholly failed.''

The plea further set up that the plaintiffs were not holders in due course, but received title to the note as trustees under the following agreement:

''Grand Forks, N. D., October 19, 1903.

''We, G. R. Jacobi and J. Walker Smith, acting as Trustees for the benefit of the First National Bank, the Northern State Bank and the Union National Bank, all of Grand Forks, N. D., hereby receipt to the Kenmare Dry Coal & Manufacturing Company for a certain promissory note payable to said company for $5,000, dated September 28, 1903, due in ninety (90) days after date; executed by the Western Trust & Guaranty Co. of Chicago and endorsed by Wm. R. Everett and Frank T. Day.

''The conditions of this receipt and trusteeship are as follows:

''The title and ownership of the note hereby receipted for passes to the said Jacobi and Smith as trustees for the benefit of said banks; the proceeds of the said $5,000 note as collected are to be applied *pro*

*rata* on the following described notes, all owned by the respective banks mentioned; all executed by the Kenmare Dry Coal & Manufacturing Company and all endorsed by sundry persons and described more particularly as follows:

"One note for $10,000 in favor of the First National Bank of Grand Forks, N. D., dated September 15, 1902, due December 31, 1902, and bearing 8 per cent interest after maturity.

"One note for $5,000 in favor of the Northern State Bank of Grand Forks, N. D., dated April 14, 1903, due on demand and bearing 10 per cent interest from date.

"One note for $10,000 in favor of the Union National Bank of Grand Forks, N. D., dated March 16, 1903, due May 15, 1903, endorsed $4,000 and bearing 8 per cent interest after maturity.

"G. R. Jacobi,
"J. Walker Smith."

To the special pleas demurrers were interposed by the plaintiffs, which were sustained. The cause was submitted to the jury on issues joined on the pleas of *non assumpsit,* and there was a verdict for the plaintiff for $6,206.66, and judgment on the verdict, to reverse which the defendants prosecute this writ of error.

Aldrich & McAuley, for plaintiffs in error.

Wheeler, Silber & Isaacs, for defendants in error; Frederick D. Silber, of counsel.

Mr. Justice Baker delivered the opinion of the court.

The contention of plaintiffs in error is that said special pleas are good pleas of failure of consideration, and that the plaintiffs, under the facts averred in said pleas, did not acquire said note in the ordinary course of business, and therefore the same, in their hands, is subject to all the defenses available against the original payee. The pleas aver that the note was

given contemporaneously with and as a part of a certain written contract between the Trust Company and the Coal Company; that the Coal Company in and by said written contract agreed with the Trust Company that it would arrange with certain of its creditors to release their liens against the property of the Coal Company, so that certain bonds, which were to be issued by the Coal Company pursuant to the said written contract, should be a first lien on the property of the Coal Company; that the said Coal Company failed to keep its agreement in that it failed to procure the release of a certain mortgage on its property so as to make the bonds a first lien thereon; that such failure prevented the Trust Company "from carrying out its agreement under the said contract, or deriving any benefit or advantage therefrom; and so this defendant says that the consideration upon which the said note was executed has wholly failed."

The covenant of the Trust Company to make and deliver to the Coal Company the note sued on and the covenant of the Coal Company to arrange with certain of its creditors to release their liens on the property of the Coal Company, are independent covenants. Conceding that the pleas sufficiently aver that the promise of the Coal Company was the consideration for the note, the Coal Company is liable to the Trust Company on its covenant. Its failure to keep such covenant does not constitute a failure of consideration, but a failure of benefit resulting from the covenant which was the consideration of its note.

Gage v. Lewis, 68 Ill. 604, was an action on a bond, and there was a plea of failure of consideration, to which a demurrer was sustained. In the opinion in that case Mr. Justice Schofield said, pp. 616-17: "Treating the representations alleged in the plea as amounting to a contract between the plaintiff and the defendant, we fail to perceive a want or failure of consideration. The allegation is, that, relying upon these representations and promises, and for no other consideration, the defendant did, etc. These represen-

tations and promises, then, were the consideration, and the misfortune with the defendant is, not that he did not have them, or that anything has since transpired whereby he is not permitted to resort to them, but merely that he has not received the benefit from them which he was authorized to expect. In other words, he signed the bond upon the faith of a contract with the plaintiff, which the plaintiff has since failed to keep. The case would, in principle, have been nowise different had plaintiff agreed to have paid him a sum of money by a given day, in consideration of his signing the bond, and when the day arrived failed to make payment. It could scarcely be claimed in such a case, while the defendant would have had his remedy upon his contract, that there was no consideration, or that it had failed. This case is plainly distinguishable from the class of cases where, in the sale and delivery of personal property, or the purchase of real estate, the title fails, it is held that such failure may be interposed as a defense to a suit brought for the recovery of the purchase money. In those cases the consideration is the title to the property, while here it is the representation and promise of the party to do an act in the future. The principle is clearly and concisely stated in 1 Parsons on Notes and Bills, 203, thus: 'We must, however, discriminate between a failure of consideration and a failure of benefit resulting from it. A promises B to do a certain thing, and B makes his note to A in consideration of this promise. Then A fails entirely to perform his promise, but sues B on his note. If B retains A's promise, or if the contract is such that A is always and permanently held on his promise, B cannot defend against the note on the ground of a failure of consideration; but if B cancels A's promise, and A accepts this, the contract is so far canceled and annulled, and then the consideration for the note fails.' See, also, Willets v. Burgess, 34 Ill. 498.''

There is no allegation in the pleas that the contract

between the Trust Company and the Coal Company was cancelled or rescinded. We think that the facts averred in the pleas do not show any failure of consideration, and that therefore the demurrers to the pleas were properly sustained.

If the plaintiffs were *bona fide* assignees of the note in question before maturity, then, under the provisions of section 9 of the Negotiable Instrument Statute, their rights are not affeced by any failure of consideraion as between the makers or guarantors of the note and the payee. The contention of plaintiffs in error is that the transfer, under the facts and circumstances stated in the pleas, was not in the usual course of business, and therefore the plaintiffs were not *"bona fide* assignees" of said note. In Roberts v. Hall, 37 Conn. 205, the note was transferred to a trustee for the benefit of certain creditors of the payee and endorser, and a part of the proceeds of the note, when it should be paid, were to be applied to the liquidation of the debts of the creditors as specified, and the remainder paid to the wife of the assignor. It was held that the transaction was not in the usual course of business, and the note was open to the defenses which would have been available had the suit been brought by the payee. In this case, according to the averments of the pleas, the Coal Company was indebted to three banks on notes long past due, amounting in the aggregate to $25,000, and transferred, before maturity, the note for $5,000, sued on in the case, to the plaintiffs as trustees for the benefit of said banks, the proceeds when collected to be applied *pro rata* on the notes so held by said banks. We think that the facts averred in the pleas do not show that the transfer of said note was a transaction not in the usual course of business, or that the plaintiffs were not *bona fide* assignees of said note, and therefore that the demurrers to the pleas were properly sustained.

Plaintiff filed with its special counts on the note the common counts, and defendants pleaded with their

special pleas the general issue. In the opinion of the majority of the court the defense of failure of consideration could be made by defendants under the general issue, and therefore the defendants were not prejudiced by the order sustaining the demurrers to their special pleas.

In this conclusion the writer of this opinion cannot concur. When the declaration contains only the common counts, or when the note sued on is admitted under the common counts, the defendant may show a failure of consideration under the general issue. Wilson v. King, 83 Ill. 232; Clarke v. Newton, 235 *id.* 530.

In Wilson v. King *supra,* Keith v. Mafit, 38 Ill. 304, and Leggat v. Sands Brewing Co., 60 *id.* 158, were cited in the opinion, and the court referring to section 9 of the Negotiable Instrument Act, said, p. 236: "According to the provisions of this section, when the action is on such an instrument, to be available such a defense (partial failure of consideration) must be pleaded, and these cases so hold. * * * Where the declaration counts on such an instrument, the defense, of course, must be made by plea." Both in Keith v. Mafit and Leggat v. The Sands Brewing Company, the declaration contained a special count on the note and the common counts. The special plea in this case avers that the supposed causes of action, etc., are one and the same, to wit, the cause of action in the first count mentioned. In the opinion of the writer the declaration counts on the promissory note mentioned in the first count, and the defense of failure of consideration must be made by special plea.

The judgment of the Superior Court will be affirmed.

*Affirmed.*


Mr. Justice BAKER concurring in the judgment, but not in the third ground of affirmance stated in the opinion.