and John P. Zipp, Jr. A similar conclusion was reached by the Supreme Court in *Reid v. Corrigan, supra,* and we think the language of the will in this case more clearly discloses such intention than does the will in that case. In that case it was said that the conclusion reached, "in no way conflicts with the rule of law announced in *Heslop v. Gatton, Ex'r,* 71 Ill. 528." The cases of *Wentworth v. Read,* 166 Ill. 139, and *Haynes v. McDonald,* 252 Ill. 236, only reannounce the rule stated in *Heslop v. Gatton.*

The decree of the Superior Court is reversed and the cause remanded with directions to overrule the demurrer to the bill as amended.

*Reversed and remanded with directions.*

---

**Pasquale Schiavone and Michael F. Schiavone, trading as P. Schiavone & Son, Appellees, v. Donato Zingarelli and Amalia Zingarelli, Appellants.**

**Gen. No. 19,901. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action by Pasquale Schiavone and Michael F. Schiavone, trading as P. Schiavone & Son, against Donato Zingarelli and Amalia Zingarelli upon certain notes given by defendants to one Bottigliero for work done on a certain building, the notes having been assigned to plaintiffs. The case was tried by the court without a jury. To reverse a judgment in favor of plaintiffs, defendants appeal.

MORGAN, McFARLAND & GOODMAN, for appellants.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for appellees; RAYMOND S. PRUITT and HARRY A. MC-CAULEY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 450*—*when erroneous admission of evidence not preserved for review.* The erroneous admission in evidence of a ledger leaf is not preserved for review, where it was offered, admitted in evidence and made a part of the record without objection, and afterwards counsel stated: "I think these three ledger leaves are objected to," which was not an objection, and no ruling of the court was asked or made.

2. BILLS AND NOTES, § 326*—*when defense of failure of consideration not available.* Where the consideration for promissory notes was the promise of the payee to do certain work, the fact that the payee fails to keep his promise makes him liable for damages but does not constitute a failure of consideration which may be urged as a defense in a suit on the notes.

3. BILLS AND NOTES, § 451*—*sufficiency of evidence.* In a suit to recover on promissory notes, *held* that there was not a clear preponderance of the evidence that there was an accounting or accord which would prevent a recovery.

---

### E. H. Johnson, Trustee, Defendant in Error, v. Arthur Feilchenfeld, Plaintiff in Error.

### Gen. No. 20,105.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action of forcible detainer in the Municipal Court of Chicago by E. H. Johnson, trustee of estate of T. F.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.