**Edmund S. Graf, Appellee, v. Morris Perlman and Abe Telechansky, Appellants.**

**Gen. No. 22,916.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. LEO J. DOYLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917.

### Statement of the Case.

Judgment by confession in favor of Edmund S. Graf, plaintiff, against Morris Perlman and Abe Telechansky, defendants, upon two notes for $200 each and interest. From a judgment confirming same, defendants appeal.

See *Graf v. Perlman, post,* p. 174, which was consolidated with the appeal in this case.

By order of court defendant Perlman's affidavit upon which the judgment by confession was vacated stood as an affidavit of merits in the cause and also as a defense to another judgment by confession entered the same day against Perlman on his note of a previous date for $100 and interest, payable to plaintiff Graf's order, which latter judgment was also confirmed and appealed from, and appeal therein consolidated with this appeal.

This affidavit set up that the $100 note was given as security on a written contract for the purchase by defendants of certain real estate, which defendants failed to perform within the stipulated time, and they thereupon gave one of the two notes here sued on for an extension of the time to a certain date and later the other for a further extension to a certain other date subsequent to the filing of the affidavit.

JOSEPH ROSENBERG, for appellants; BENJAMIN ROSENBERG, of counsel.

FREDERICK B. HOVEY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 56*—*what does not constitute failure of consideration.* Failure to perform a promise of extension of time for the purchase of certain real estate given as the consideration of a note by the prospective purchaser did not constitute a want or failure of consideration of the note.

2. APPEAL AND ERROR, § 367*—*when defense not raised by affidavit of merits will not be considered.* Where the only defense set up in an affidavit of merits to an action on two notes was failure of consideration of the notes by reason of the payee's failure to keep his promise to extend the time for the purchase by the makers of the notes of certain real estate under a written contract therefor, which promise was the consideration of the notes, *held* that the question whether the notes were in the nature of a penalty or liquidated damages for failure of defendants to keep their part of the contract was not raised by the affidavit and could not be considered.

3. BILLS AND NOTES, § 50*—*what is sufficient consideration for note.* A promise or executory agreement is a sufficient consideration for a promissory note even though the maker of the note loses the benefit of the promise.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.