## Charles E. Denzer, Appellee, v. Charles V. McAvoy, Appellant.

### Gen. No. 26,834.

1. CORPORATIONS—*when direction of verdict for plaintiff in action on notes given for stock proper.* A verdict for plaintiff was properly directed in an action upon promissory notes given in connection with the purchase of shares of stock by defendant from plaintiff; and the failure to deliver the certificates was not a failure of consideration, where, as part of the transaction, plaintiff, who did not have the certificates with him, agreed in writing to deliver them, duly indorsed, within a stated time, and defendant by a separate writing agreed to deliver them to plaintiff as collateral security.

2. CORPORATIONS—*when consideration for notes given for stock does not fail.* Where, under an agreement for the sale of shares of stock, notes were delivered in payment, and the certificates not being at hand, the seller agreed by a separate writing to deliver them duly indorsed to the buyer, and the latter by another writing agreed to turn them over to the seller as collateral security, but the respective undertakings were not performed, the promise of defendant to pay the notes was in consideration of the promise of plaintiff to deliver the certificates for exchange, and there was then no failure of consideration for the notes, but a breach of contract for which defendant might have a remedy in damages.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed March 7, 1922. Rehearing denied March 20, 1922. *Certiorari* denied by Supreme Court (making opinion final).

ISAAC S. ROTHSCHILD, for appellant; WALLACE IN-
GALLS, of counsel.

WINSTON, STRAWN & SHAW, for appellee; CHARLES J.
McFADDEN, RICHARD H. HOLLEN and RODNEY C. GLOVER,
of counsel.

MR. JUSTICE McSURELY delivered the opinion of the
court.

This is an appeal from a judgment of $5,236.40
against defendant upon a directed verdict in an action
upon four promissory notes executed by defendant to
the order of plaintiff. The notes were given in connec-
tion with the purchase of shares of stock by defendant
from plaintiff, and the defense asserted is the alleged
failure of plaintiff to deliver the stock for which the
notes were given.

The evidence shows that plaintiff owned thirty-eight
shares of stock in the London Auto Supply Company,
an Illinois corporation, and in December, 1914, agreed
to sell the same to defendant for $3,800, taking his
notes therefor. December 30, the parties went to the
office of plaintiff's attorney, Mr. Jacobs, to consum-
mate the sale. The four notes in question were pre-
pared. They provided that the certificates should be
held by plaintiff as collateral. It then developed that
plaintiff did not have his certificates of stock with him,
and that they were in Cleveland, Ohio, where plaintiff
then lived. Defendant then agreed to execute the
notes and leave them with Mr. Jacobs pending the de-
livery of the certificates. At the same time two mem-
oranda were prepared and signed, which are as fol-
lows:

"Charles V. McAvoy, having purchased thirty-eight
(38) shares of the capital stock of the London Auto
Supply Company from the undersigned, the under-
signed agrees to deliver within five (5) days from the
date hereof, certificates for said shares issued in his
name and duly endorsed by him.

"Dated at Chicago, Illinois, this December 30, 1914.
(Signed) CHARLES E. DENZER."

"The undersigned, Charles V. McAvoy, agrees to deliver to Charles E. Denzer certificates for thirty-eight (38) shares of the capital stock of the London Auto Supply Company issued in his name and endorsed by him, to be held by the said Charles E. Denzer as collateral security to certain notes dated December 30, 1914, heretofore given by the undersigned to the said Denzer.

CHARLES V. McAVOY."

The parties separated, the notes being left with Mr. Jacobs, the first memorandum, *supra,* being taken by defendant, and the second memorandum taken by plaintiff. The evidence tends to support defendant's claim that plaintiff failed to deliver the stock, either within the 5 days mentioned in the memorandum or at any other time. The respective undertakings of the parties under the two memoranda were not performed.

Defendant argues that these circumstances, and the papers signed, constitute one integral contract, bilateral in nature, in which a double exchange is contemplated, first of promises, and later of performances, and that just as a failure to give a promise would entail invalidity of the counter promise, so a failure to give performance on one side deprives the party in default of a right to enforce performance on the other side. Williston on Contracts, vol. 2, sec. 813. This would be applicable to a case like that considered in *Kinser v. Cowie,* 235 Ill. 383, which was a simple transaction providing that, upon the payment of a certain sum, certain shares of stock would be turned over to the purchaser. The seller failing to turn over the certificates, the buyer elected to rescind the contract and sued to recover the purchase price.

The present case has an element which distinguishes it from the ordinary contract of sale. The parties here agreed by the notes and memoranda that the seller should retain the certificates of stock as collateral se-

curity for the notes, and absolute delivery was not to be made to the buyer until the notes were paid. The memoranda was, in substance, an agreement that the certificates should be delivered to the buyer solely for the purpose of exchanging them for new certificates which should be delivered to the seller and held by him in lieu of the originals. This calls for a different rule applicable to two separate undertakings, first, the absolute obligation of defendant to pay according to the terms of the notes, and second, the mutual promises with reference to the delivery and exchange of the old certificates for new certificates to be delivered to the seller and held as collateral. The promise of defendant to pay the notes was in consideration of the promise of plaintiff to deliver the certificates for exchange. There is then no failure of consideration, although there may be a failure to defendant of resulting benefit; that is, he has not received all the benefit from executing his notes which he was authorized to expect. This rule has been stated with clearness in *Gage v. Lewis*, 68 Ill. 604, and followed in *Newton v. Clarke*, 138 Ill. App. 196; *Smith v. Western Trust & Guaranty Co.*, 150 Ill. App. 587; *Schiavone v. Zingarelli*, 191 Ill. App. 167; *Graf v. Perlman*, 209 Ill. App. 172; *Crowther v. Bell*, 190 Ill. App. 48. In *Linnell v. Leon*, 206 Mass. 71, upon facts somewhat similar to these, it was held that the failure of performance of an undertaking incidental to the execution and delivery of a promissory note was not a failure of consideration for the note, but would be a breach of contract for which the defendant might have a remedy in damages.

We emphasize the fact that the secondary agreement of the parties, comprehended in the two written memoranda, was, in essence, to substitute as the collateral to be held by plaintiff, new certificates for the old. The failure of either party in this respect was not a failure of consideration for the notes by which the obligation to pay according to their terms was

absolute and independent of this secondary agreement. In this view of the case, it was no legal defense to assert the nonperformance of the promise of plaintiff to deliver the certificates of stock.

Rulings of the trial court upon evidence tending to explain the nondelivery of the certificates are not material. The instruction to find for plaintiff was right, and the judgment is affirmed.

*Affirmed.*

DEVER, P. J., and MATCHETT, J., concur.