**Mary Stellwagen, Appellee, v. Edward Schmidt and Louise Schmidt, Appellants.**
**Anna Stellwagen, Appellee, v. Edward Schmidt and Louise Schmidt, Appellants.**

### Gen. Nos. 7,307—7,308.

1. Contracts—*breach by payee of agreement to render future services as failure of consideration for notes.* Where, upon presentation by an attorney of a bill for legal services rendered, a discussion ensued and a compromise was effected and the client executed notes for the sum agreed upon and the attorney signed an agreement to attend to the legal matters involved in the settlement of two estates free of charge, the legal effect of his contract

was to perform such services in the future, failure to perform which would give rise to a cause of action against such attorney but would not constitute a partial failure of consideration for the notes.

2. NEGOTIABLE INSTRUMENTS—*when averments insufficient to show fraud and circumvention in inception of notes.* Where the makers of notes given to an attorney for services rendered admit that they knew they were signing notes for the amounts for which they were given but claim they did not know that they were judgment notes, they did not sustain their claim that the notes were secured by fraud and circumvention where sufficient facts were not set up to show that they were deceived as to the nature of the notes or were in any wise prevented from ascertaining their full effect.

3. CONFESSION OF JUDGMENT—*sufficiency of affidavits to open judgment by confession to show right of set-off or recoupment.* Where at the time notes were executed by a husband and wife for legal services rendered by the payee to the husband a contract was signed by the attorney agreeing to perform certain legal services for the husband in the future and both state in their affidavits supporting their motion to open the confession judgments on the notes that the wife was not interested in the terms of such contract, there was not such identity of parties as would justify either set-off or recoupment because of the attorney's failure to perform such services.

4. CONFESSION OF JUDGMENT—*sufficiency of affidavits to open judgment by confession to impeach bona fides of holders of notes in suit.* On motion to open a judgment obtained by the indorsees of judgment notes given for legal services rendered by the payee where the affidavits of the makers alleged that the indorsees were the mother-in-law and sister-in-law of the attorney, that they knew the notes were judgment notes, that they knew the payee was the attorney for one of the makers and that a fiduciary relation existed between them, that such facts constituted notice to such indorsers that the maker had betrayed the trust of attorney and client, the allegations did not form a sufficient basis in law for a finding that the indorsers were not bona fide holders for value before maturity and without notice.

5. CONFESSION OF JUDGMENT—*construction of affidavits in support of motion to open judgment by confession.* Affidavits in support of a motion to open a judgment and for leave to plead are to be taken most strongly against the pleader and any doubt must be resolved against them.

Appeal by defendants from the Circuit Court of Will county; the Hon. FREDERICK A. HILL, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed August 6, 1924. *Certiorari* denied by Supreme Court (making opinion final).

TRAINOR & TRAINOR, for appellants.

ALBERT H. KRUSEMARK, for appellee, Mary Stellwagen.

MR. JUSTICE JONES delivered the opinion of the court.

The appellee, Mary Stellwagen, secured a judgment by confession against appellants on a note for $500, in the circuit court of Will county. Anna Stellwagen secured a judgment against the appellants on two notes, each for $500, in the same court at the same time. The notes, which were all made at the same time, were payable to Albert H. Krusemark, and by him indorsed to the appellees. A motion was made in each case, supported by affidavit, to open the judgment with leave to plead. Counter affidavits were filed upon the hearings. The lower court refused to open the judgments. The appellants prosecuted separate appeals to this court, where the causes have been consolidated.

The evidence shows that Albert H. Krusemark, payee of the notes, had performed certain legal services for the appellant, Edward Schmidt, in the settlement of the estate of Wilhelmina Schmidt, deceased, and in the administration of the estate of Anna Schmidt, an insane person. The services included the trial of a will contest in the estate of Wilhelmina Schmidt. Krusemark appeared in the Supreme Court for Schmidt in that case, securing a decision favorable to Schmidt. *Schmidt v. Bauermeister,* 279 Ill. 504. After the services were completed, Krusemark asked Schmidt and his wife to call at his office February 19, 1919. There Krusemark informed Schmidt that he was indebted to him in the sum of $3,500. It appears from the affidavits that there was considerable discussion between them and as a result Krusemark finally agreed to take $2,500 represented by five notes of $500 each, one payable each year for five years. The notes were

signed by Edward Schmidt and Louise Schmidt, his wife. It is conceded that the notes were for the obligation of Edward Schmidt. The latter, in his affidavit, states that as a part of the consideration for these notes Krusemark agreed to perform free of charge all legal services which might arise in connection with the settlement of the estate of Wilhelmina Schmidt, deceased, and the administration and final settlement of the estate of Anna Schmidt, insane sister of Edward Schmidt. Krusemark at that time signed a written agreement, containing such a provision. Schmidt paid the first two notes at maturity and paid the interest upon the other three notes to June 1, 1920. Krusemark assigned the three notes to the appellees as above noted. The appellee Mary Stellwagen is the mother-in-law of Krusemark and Anna Stellwagen is his sister-in-law.

It is first contended by the appellants that Krusemark has failed to keep his agreement to perform services with respect to the two estates, with a resulting loss to Edward Schmidt of the sum of $1,500 and that the appellants ought to be permitted to recoup that amount, against these notes. The affidavits set up facts purporting to show the circumstances under which the notes were given and to show the services that would necessarily be performed in the settlement of the two estates. We think, however, that all of the facts set out in the affidavit in this respect are not material. The reason is that a written contract was entered into between the parties which, in contemplation of law, contains the full agreement of the parties. Its construction and effect are for the court. We are of the opinion that the contract shows that the notes in question were for services which had been performed by Krusemark for Edward Schmidt. The legal effect of the contract is that Krusemark will, in the future, perform services for Edward Schmidt. If Krusemark fails to perform these services, it would

not constitute a partial failure of the consideration of the notes, but would constitute a cause of action for which Schmidt could sue Krusemark and recover damages. This view of the case is supported by the case of *Gage v. Lewis,* 68 Ill. 604. That case has been followed by the Appellate Court in *Shepard v. Mills,* 70 Ill. App. 72; *Smith v. Western Trust & Guaranty Co.,* 150 Ill. App. 587; *Denzer v. McAvoy,* 224 Ill. App. 359. In this latter case is said: "The promise of defendant to pay the notes was in consideration of the promise of plaintiff to deliver the certificates for exchange. There is then no failure of consideration, although there may be a failure to defendant of resulting benefit; that is, he has not received all the benefit from executing his notes which he was authorized to expect. * * * We emphasize the fact that the secondary agreement of the parties, comprehended in the two written memoranda, was, in essence, to substitute as the collateral to be held by plaintiff, new certificates for the old. The failure of either party in this respect was not a failure of consideration for the notes by which the obligation to pay according to their terms was absolute and independent of this secondary agreement. In this view of the case, it was no legal defense to assert the nonperformance of the promise of plaintiff to deliver the certificates of stock."

It is next urged that the notes were secured by fraud and circumvention but the appellants admit that they knew they were signing five notes for $500 each. They set out, in full, in their affidavits the claims of Krusemark with respect to the consideration of the notes and admit that they fully understood them, but they claim that they did not understand that the notes were judgment notes. They do not, however, set up sufficient facts in their affidavits to show that they were deceived in this respect or that they were in any wise prevented from ascertaining the full effect of the notes.

Indeed, after the preparation of them, they stayed in Krusemark's office almost an entire day, discussing the respective rights of the parties.

There is another reason why the attorney's fees to be paid by Edward Schmidt in the settlement of the estates of Wilhelmina Schmidt, deceased, and of Anna Schmidt should not constitute either a set-off or a recoupment against the notes. The notes were signed by Edward Schmidt and Louise Schmidt, his wife. Both of them state in their affidavits that she was not interested in the terms of the written contract executed by Krusemark and running to Edward Schmidt. For that reason there is not such an identity of parties as would justify either a set-off or a recoupment.

It is further to be noted that even if Edward Schmidt was entitled to a recoupment, or set-off, against Krusemark, it does not follow that he would be entitled to set it up in this case, for the reason that it appears from the affidavits that all three of the notes were assigned before maturity to appellee. To avoid this situation, it is alleged in the affidavits that the appellees, who are the mother-in-law and sister-in-law of Krusemark, were not holders of the notes for value, before maturity without notice. This is a bare statement of fact or a conclusion which might be considered under certain circumstances a sufficient allegation against the appellees. But following that the affidavit contains the allegation that the appellees are not holders for value, because they knew that Krusemark was the attorney for Schmidt and therefore a fiduciary relation existed between Krusemark and Schmidt; that they knew the notes were judgment notes; and that this constitutes a notice to appellees that Krusemark had betrayed the trust of attorney and client existing between him and Schmidt. This allegation does not form a sufficient basis in law for a finding by the court that the appellees were not bona fide holders for value before

maturity and without notice, nor does it constitute reasonable grounds for such belief. If the appellees were bona fide holders, for value before maturity and without notice, then none of the defenses sought to be made by appellants could be set up against the notes. Affidavits in support of a motion to open. a judgment and for leave to plead are to be taken most strongly against the pleader. Any doubt must therefore be resolved against the appellants. We therefore hold that the allegation with reference to the appellees not being bona fide holders, for value before maturity, was not sufficient.

The affidavits filed are very lengthy. They are contradictory and contain statements not consistent in themselves. They charge that the services with respect to a will contest carried through the probate court, the circuit court and the Supreme Court would not exceed in value the sum of $1,000 and yet they further set up that the services to be performed in the settlement of the estates involved in the will contest in the probate court are of the value of $1,500.

We are of the opinion that the affidavits did not set up a meritorious defense and that the action of the trial court in refusing to open the judgments and grant leave to plead was correct.

Counter affidavits were filed by the appellees which, in our judgment, were not of such character that they could properly be heard by the court. For that reason, we have not considered or discussed them in this opinion.

*Judgment affirmed.*