George W. Conour, Appellee, v. Aaron H. Zimmerly and W. P. Zimmerly, Appellants.

 Opinion filed June 3, 1937.

DONOVAN D. McCARTY and S. C. LEWIS, both of Olney, for appellants.

ROY E. BOLEY, of Olney, and KASSERMAN & KASSERMAN, of Newton, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

January 15, 1934, plaintiff obtained a judgment by confession against defendants. On defendants' motion the judgment was set aside and defendants were given leave to plead. February 27, they filed an answer alleging new matter and a counterclaim. Plaintiff did not reply within 20 days as required by subsection 3, Rule 8 of the Supreme Court rules. No formal entry of default was entered of record but on April 16 plaintiff filed a motion, supported by affidavit, asking that the default be vacated and that he be given leave to reply to defendants' answer and counterclaim. The motion was allowed and the court ruled plaintiff to plead to the issues instanter. The court's ruling is assigned as error.

Subsection 5, Rule 8 of the Supreme Court Rules provides that the judge, for good cause shown on spe-

cial motion after notice to the opposite party may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time.

Plaintiff's affidavit filed in support of his motion stated as an excuse for his failure to reply within 20 days that court was not in session after February 27th until April 16th, that he had prior to February 27th employed counsel to represent him in this suit, and that he had a mentorious defense to the matters alleged in defendants' answer and counterclaim. Plaintiff's attorney also filed an affidavit alleging that he had sickness and death in his family during said period.

Prior to the adoption of the Civil Practice Act the granting of time to plead was in the discretion of the court and was not reviewable on appeal except for an abuse of discretion. *Culver v. Hide & Leather Bank of Chicago*, 78 Ill. 625; *Cozzens v. Chicago Hydraulic-Press Brick Co.*, 166 Ill. 213. There is nothing in the Supreme Court rule referred to that would justify a departure from that procedure. Under the showing made there was no abuse of discretion in allowing plaintiff to reply to defendants' answer and counterclaim even after the expiration of the time fixed by said rule.

This action was to recover the balance unpaid on a $7,000 note which had been given by defendants to plaintiff as a part of the consideration for the purchase from plaintiff of 105 shares of stock in the Midland Trail Bus Line Corporation. A written contract provided for the giving of the note, the payments thereon and the transfer of the stock. Defendants' answer and counterclaim are based upon alleged breaches of certain provisions of the contract. The contract provided that the note was to be paid in in-

stalments of $100 per week and that the stock was to be held in escrow by certain named banks as security to the note. Provision was made for the release of a certain amount of stock as the payments were made.

Paragraph 3 of the contract provided that the plaintiff was not, for a period of five years thereafter, to engage in or be interested directly or indirectly, individually or as an agent in the business of a common carrier of persons or personal baggage for hire for any bus or transportation company operating upon State Highway Route No. 12 between East St. Louis and Lawrenceville, except with the consent of defendants; that the good will of plaintiff was one of the considerations for the execution of the contract.

At the conclusion of all the evidence the court directed a verdict for the plaintiff for $3,395, the balance due on the note.

The allegation in defendants' answer is that the sole consideration for the note was plaintiff's agreement to sell the stock and his further agreement not to become interested in another bus line operating over said highway. The answer further alleges that plaintiff has violated the latter agreement and has acted as agent for another bus line and concludes that by reason of such breach there is a failure of consideration of the note. The failure which defendants plead and rely upon as constituting failure of consideration arises from plaintiff's failure to fulfill his agreement as expressed in the contract. In *Gage v. Lewis,* 68 Ill. 604, the court was considering the same question involved here and said:

"Treating the representations alleged in the plea as amounting to a contract between the plaintiff and the defendant, we fail to perceive a want or failure of consideration. The allegation is, that, relying upon these representations and promises, and for no other consideration, the defendant did, etc. These repre-

sentations and promises, then, were the consideration, and the misfortune with the defendant is, not that he did not have them, or that anything has since transpired whereby he is not permitted to resort to them, but merely that he has not received the benefit from them which he was authorized to expect. In other words, he signed the bond upon the faith of a contract with the plaintiff, which the plaintiff has since failed to keep. The case would, in principle, have been nowise different had plaintiff agreed to have paid him a sum of money by a given day, in consideration of his signing the bond, and when the day arrived failed to make payment. It could scarcely be claimed in such a case, while the defendant would have had his remedy upon his contract, that there was no consideration, or that it had failed."

This has been followed in *Newton v. Clarke,* 138 Ill. App. 196; *Smith v. Western Trust & Guaranty Co.,* 150 Ill. App. 587; *Schiavone v. Zingarelli,* 191 Ill. App. 167; *Graf v. Perlman,* 209 Ill. App. 172; *Crowther v. Bell,* 190 Ill. App. 48; *Denzer v. McAvoy,* 224 Ill. App. 359. Under the facts in this case plaintiff's failure to perform the contract did not constitute a failure of consideration.

Defendants' counterclaim was to recover damages for plaintiff's breach of the same clause in the contract.

Before defendants could recover damages for a breach of the contract it was incumbent upon them to allege and prove that they had performed the essential requirements of the contract or were ready and willing to do so. *Purcell Co. v. Sage,* 200 Ill. 342; *Chicago Washed Coal Co. v. Whitsett,* 278 Ill. 623. Defendants' counterclaim contains no allegation that they had performed the contract or were ready and willing to do so. The evidence disclosed that they had broken the contract by failing to meet the weekly payments on the note. They did prove that at a time when they

were in arrears in said payments that plaintiff came to them and told them that if they would pay him $300 at once he would "go along with them on the balance." No definite time was fixed when the balance would be paid and after this payment the defendants continued in default. When action was brought on the note they were in arrears 15 weekly payments.

In *Neil v. Kennedy*, 319 Ill. 75, the court said: "Where there is a continuing cause of forfeiture, the acceptance of payment after a breach incurring the forfeiture was originally committed will not preclude an insistence upon the forfeiture if the breach continue after the acceptance or a new breach occur."

Defendants' counterclaim did not state a cause of action. There was no evidence tending to support it. The court did not err in directing a verdict for the plaintiff.

Judgment of the circuit court affirmed.

*Judgment affirmed.*