WILLIAM KERNEY, Appellant, *v.* CHARLES GARDNER, Appellee.

APPEAL FROM FULTON.

An agreement by a party to convey all his title, etc., to land, is a sufficient consideration for a note. If the party giving the note desires more than a quit claim deed, he should make his bargain accordingly.

Proof of a tender, though not of that clear and satisfactory character which convinces the mind beyond doubt, will be held sufficient.

THIS was an action of debt, commenced by Gardner and tried in his lifetime, against Kerney, for the September term, 1859, of the Fulton Circuit Court, on a promissory note. The declaration contains one special count and common counts for work and labor, for money paid, laid out, etc., and on account stated. The descriptive part of the special count is as follows:

"For that whereas the said defendant, heretofore, to wit, on the 8th day of August, A. D. 1851, at and within the county of Fulton and State of Illinois, made his certain promissory note in writing, bearing date a certain day and year therein mentioned, to wit, the day and year aforesaid, and then and there delivered the said note to the said plaintiff, by which said note the said defendant then and there promised to pay, one year after the date thereof, to the said plaintiff or order, the sum of two hundred and seventy-six dollars, with interest at ten per cent. per annum from date, for value received. By means whereof," etc. Here follows the breach.

At the September term, 1859, the defendant plead the general issue, and, at the September term, 1860, three special pleas, the first two of which are as follows, after the title of the cause, etc. :

"And the said defendant, for further plea to the plaintiff's declaration, says *actio non*, because he says, that the promissory note sued on, and in said declaration mentioned, was given for the balance of the purchase money of a certain tract of land described as the south-west quarter of section thirty-four, in township four north, of range three east of the fourth principal meridian, sold by Charles Gardner, the plaintiff herein, to the defendant, for the sum of three hundred and nine dollars ; and at the same time of the execution of said note, and in consideration of the execution and delivery of said note, the said Charles Gardner, plaintiff herein, executed and delivered his agreement in writing, bearing date on the same day of said note, and thereby agreed to and with the said defendant to convey to him, the said defendant, all the right and title of him, the said Charles Gardner, to the tract of land aforesaid, upon the payment by the said defendant to the said plaintiff or order, the said sum of three hundred and nine dollars, in one year after the date thereof, and if such payment was not made, the said agreement was to be null and void. And the said defendant avers, that the said Charles Gardner has not conveyed his interest and title in said tract

of land, or any part thereof, or offered to convey the same, to the defendant; but on the contrary, no deed or conveyance whatever has been made or offered to the defendant in performance of said contract. Wherefore the consideration of said note has failed; and this the said defendant is ready to verify. Wherefore he prays judgment," etc.

"And for further plea in this behalf to the plaintiff's declaration, the said defendant says *actio non*,. because he says, that the consideration and the sole consideration of said note in the said declaration mentioned, was the purchase money agreed to be paid by the defendant to the plaintiff for a tract of land described as aforesaid in the foregoing plea; and the said sum mentioned in the promissory note aforesaid was the full sum to be paid by the defendant for said land. And the said Charles Gardner, plaintiff herein, at the same time of the execution of said note, executed and delivered an agreement in writing to the defendant, bearing even date with said note, and thereby agreed to deed all his (said Gardner's) right and title to the south-west quarter of section thirty-four, the tract aforesaid, to the said defendant, provided the said defendant paid to the said Charles Gardner, or order, the sum of three hundred and nine dollars (the said sum of three hundred and nine dollars being inserted in said agreement instead of the sum specified in said promissory note,) in one year from the date thereof, with the stipulation that if the said sum was not paid, the agreement was to be null and void. And the defendant avers, that the covenants to pay the amount of money in said promissory note, and to convey said land, were mutual and dependent, to be performed at the same time. And the defendant avers, that the said plaintiff has broken the agreement on his part to be performed, in this, that he never conveyed the said premises, or any part thereof, or offered to convey the same to the defendant. And the defendant further avers and says, that the consideration of said promissory note in the declaration mentioned has failed. And this he is ready to verify; wherefore he prays judgment," etc.

On the 26th of February, 1861, (at February term), the plaintiff entered his stipulation in open court to offer in evidence on the trial only the note referred to in the declaration.

The fourth plea is as follows :

"And for further plea in this behalf, the defendant says *actio non*, because he says, that the said promissory note in the said declaration mentioned was given for the purchase money of a certain tract of land described as the south-west quarter of section thirty-four (34) in township four (4) north, of range

three (3) east, sold by Charles Gardner, the plaintiff herein, to the defendant, William Kerney, by the style of William Kerney; and the said sum mentioned in the promissory note aforesaid was the full sum to be paid by said defendant for said land. And the said Gardner, plaintiff herein, at the same time of the execution of the said promissory note, executed and delivered to the said defendant an agreement in writing, bearing even date with the said note, and thereby agreed to deed all his right and title to the said south-west quarter of section thirty-four, in township four north, of range three east, to the said defendant (by the style of W. Karney) provided the said defendant [using the style of William Karney] should pay said plaintiff or order the sum of three hundred and nine dollars, [the said sum of three hundred and nine dollars being inserted in said agreement, instead of the sum specified in said promissory note,] in one year from the date of said agreement, with the stipulation that if the same should not be paid, the said agreement to be null and void, and which said agreement is in substance as follows:

"'I, Charles Gardner, of the city of Springfield, Illinois, do hereby agree with William Karney, of Fulton county, Illinois, to deed all my right and title to south-west quarter of section 34, in township 4 north, of range 3 east, to said W. Karney, provided the said William Karney pays to me or order the sum of three hundred and nine dollars in one year from this date; if not paid, this agreement to be null and void, this 8th day of August, 1851.

CHARLES GARDNER.'

"And the said defendant says, that the aforesaid agreement in writing was and is the full and only consideration of and for the said promissory note in said declaration mentioned. And the said defendant further avers, that at the time of the execution and delivery of said promissory note, and of the said agreement in writing, the said real estate in said agreement described was vacant and unoccupied, and without any improvements whatsoever upon the same, and that at the said time the said plaintiff did not have the occupancy or possession of the said real estate, nor did he have any improvements thereon, nor has he ever had any such occupancy, possession or improvements, either before or since the entering into and delivery of the said agreement and promissory note. And the said defendant further avers, that at the time of the making and delivery by said plaintiff to said defendant of said agreement in writing, the said plaintiff did not have any right

or title to said real estate in said agreement mentioned, nor has he had any right or title to such real estate at any time since the execution and delivery of said agreement in writing. And so the said defendant says, that the aforesaid promissory note was made and entered into without any good or valuable consideration. And this the said defendant is ready to verify; wherefore he prays judgment," etc.

To the second and third pleas the plaintiff filed the following replication:

"The said plaintiff, for replication to said defendant's pleas secondly and thirdly above pleaded by him, says *precludi non,* because he says, that the said note declared on in said plaintiff's declaration was given in pursuance of said agreement referred to in said pleas above pleaded, in consideration, as said defendant alleges, of such sale and transfer of the right, title and interest in and to said premises which he, the said plaintiff, had in and to said premises. And said plaintiff avers, that in pursuance of said agreement he caused to be made out a deed in and to said premises, to wit, the southwest quarter of section thirty-four, in township five north, range three east of the fourth principal meridian, on the thirty-first day of March, A. D. 1858, and on the sixteenth day of May, A. D. 1859, before the commencement of this cause, he caused said deed, so made as aforesaid, to be tendered to said defendant, to wit, on the day and year aforesaid. And of this the said plaintiff puts himself upon the country."

To the fourth plea the plaintiff filed a general demurrer, which was sustained by the court, and the defendant abided by the plea.

The issues, by consent of parties, were tried by the court, BAILEY, Judge, presiding, a jury having been waived.

On the trial, the plaintiff offered in evidence an instrument copied as follows:

"One year after date, I promise to pay Charles Gardner or order, two hundred and seventy-six dollars, with interest at ten per cent. per annum from date, for value received, this 8th day of August, 1851, as witness my hand and seal. This note is for money loaned. WILLIAM KERNEY." [SEAL.]

The court sustained the objection; whereupon the plaintiff called as a witness, *J. Q. A. Jones,* who testified, that some years ago he had possession, as a lawyer, of said note, and commenced suit on the same; that during the pendency of the suit, he met defendant in Lewistown several times and spoke to him about the note in witness' hand against defendant (not having the note present, however,) and in favor of Charles Gardner, and that defendant admitted to witness that

he had given a note to said Gardner on a land trade, but stated at the same time that the same was without any consideration whatever, and that he (defendant) had never received any consideration for the note.

On cross-examination, the witness stated that he did not have the note present at any conversation spoken of; that he had never shown the note to defendant, nor had defendant ever seen the same while it was in his hands; that witness did not know but defendant had given several notes to plaintiff Gardner; and that he did not know, further than as stated, that defendant, in such conversation, referred to the note in controversy, but believed he did.

Plaintiff now again offered said note in evidence, to which defendant objected; but the court overruled the objection, and permitted the note to be read in evidence, and defendant excepted.

Plaintiff then called *David S. Ray* as a witness, who testified, that on the 16th day of May, A. D. 1859, he tendered to the defendant a deed, the original deed introduced; that when he tendered such deed, the defendant refused to receive or accept the same.

On cross-examination, this witness testified that he received the said deed, before tendering the same, of one James Gardner, a brother of the plaintiff, Charles Gardner, and supposed him to be agent of the plaintiff. This supposition of the witness was objected to by defendant as evidence, but the court overruled the objection, and permitted the same to be received as evidence, and defendant excepted.

The witness, on further cross-examination, also stated, that after tendering said deed he returned the same to said James Gardner; that he (witness) never received any authority from the plaintiff to make the tender of said deed, and that he never had any conversation with the plaintiff in regard to said deed or tendering the same.

The plaintiff here offered said deed in evidence, to which defendant objected; but the court overruled the objection, and permitted the deed to be read in evidence, and the defendant excepted.

The plaintiff here rested; and this was all the evidence in the case.

The court thereupon found the issues for the plaintiff, and that he recover $276, debt, and $263.94, damages.

The defendant then moved for a new trial, which was denied.

The case comes to this court by appeal. Gardner's death since the judgment and appeal below, was suggested in this

court, and his administrator made a party. The following errors are assigned by Kerney:

1. The Circuit Court erred in sustaining the demurrer to the defendant's third special or fourth plea.

2. The court below on the trial, permitted improper evidence to be admitted and heard.

3. The Circuit Court erred in permitting the note to be read in evidence.

4. The court below erred in permitting the deed to be read in evidence.

5. The finding or verdict below was against the law and the evidence.

6. The Circuit Court erred in refusing to grant a new trial, and in rendering judgment.

7. The record and proceedings are otherwise informal, defective, erroneous and insufficient.

JUDD, BOYD & JAMES, for Appellant.

M. HAY, for Appellee.

WALKER, J. The first question which we propose to consider, is, whether the demurrer was properly sustained, to defendant's fourth plea. It averred, that the note sued upon, was given for the purchase money, on the sale of S. W. 34, T. 3 N., R. 3 E. of the fourth principal meridian, which was sold by appellee to appellant. That at the time the note was executed, appellee gave to appellant an agreement of that date, by which he obligated himself to convey all of his right and title in the land, to appellant, provided he should pay to him the sum of three hundred and nine dollars, which sum was inserted in the agreement instead of the amount specified in the note, within one year from that date. The plea further avers, that there was no other consideration for the execution of the note, and that when the note and agreement were executed, the land was vacant and unoccupied, and appellee did not have possession, or improvements thereon, nor has he ever had possession before or since making the agreement and note. And that appellee at the time had no right or title to the land, nor has he had since executing the agreement and note.

There is no covenant for title contained in the agreement described in the plea. Nor does it show any agreement to convey the land, but simply to convey all the right and title which he then had. If he had no title, there could be no failure of the consideration, as appellant by the agreement,

assumed the risk of the want of title, in appellee. If he had been unwilling to risk such a title as appellee had, he should have refused to purchase, or he should have contracted for covenants of title, in the conveyance he was to receive. But having contracted for such title only as appellee had, he has no right to insist upon anything more. That title, such as it was, constituted a sufficient consideration to support the note. A release or quit claim deed is all that is required by the contract. Such a deed fully answers its conditions.

It is again insisted, that as the note was rejected as evidence under the special count, because of variance, that it was improperly admitted under the common counts, its execution not having been sufficiently proved. Jones testified that some years previous to the trial, he had commenced suit on the note, and during its pendency, he spoke to appellant in reference to it, and that he admitted that he had given the note to appellee in a land trade, but stated that it was without consideration. That he, witness, had not shown the note to appellant. Does this evidence identify the note, and prove its execution? We think it does. The suit was pending, and a copy of the note was no doubt on file, or it was at least described in the declaration. It seems to be agreed by all parties, that this note was given for the purchase of this land, and no other appears to have been given to appellee. Appellant must have known that this was the note sued upon, as he said it was given in a land trade.

It is also urged, that the same evidence which proves the execution of the note, also proves that it was given without consideration. This evidence was heard on a preliminary question, and not upon the main issue in the case. That portion of the admission which related to the want of consideration, was not pertinent to the issue then being tried, and it was not introduced on the trial.

The next question is, whether the tender of the deed by Ray, was sufficient to authorize the maintenance of the suit. He testified that he received the deed from appellee's brother, and tendered it to appellant, who refused to receive it. He also says, that after tendering the deed, he returned it to James Gardner, of whom he had received it, but never had any conversation with appellee, in reference to the deed, nor did he receive authority from him to make the tender. The fact that the deed is found in the hands of appellee, after being in the hands of the others, and that they had previously had it, all strongly tends to prove that appellee's brother had received the deed to be tendered to appellant. It can hardly be supposed that James Gardner would be in possession of

12

this deed executed by his brother, and making a tender through Ray without authority. Appellant had the opportunity of receiving the deed, but rejected it, and although the evidence is not of that clear and satisfactory character which convinces the mind beyond doubt, yet we think it was sufficient, from which a tender might be inferred.

It is likewise objected, that the deed does not purport to convey the land to appellant. After having carefully inspected the deed itself, we find that the name "Kerney" is not very legibly written, but seems to have been spelled with an "a," which is blotted. It however cannot well be made to spell any other than appellant's name. We are of the opinion that this objection is not well taken.

It is in the last place urged, that the deed should have contained covenants against the acts of appellee, after entering into the contract, and before the conveyance was made. The contract calls for no such covenant, and the court has no power to make agreements for the parties. If such acts had been done by appellee, as divested or incumbered his title, appellant should have shown it. The law will not presume that he has violated his agreement, but if he has, the other party must establish the fact. There was no proof that any change had occurred in the title after the sale was made, and when the complainant tendered the deed he fully complied with his agreement.

Upon this entire record, we perceive no error requiring the reversal of the judgment of the court below, and the same is affirmed.

*Judgment affirmed.*