## Jean E. F. Crowther, Defendant in Error, v. Ellen R. Bell and Ruth J. Maurer, Plaintiffs in Error.

### Gen. No. 20,222. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed December 21, 1914.

### Statement of the Case.

Action by Jean E. F. Crowther against Ellen R. Bell and Ruth J. Maurer on the following written instrument:

"August 4th, 1908.
For 80 shares of stock in the Marinello System I promise to pay to Jean E. F. Crowther $1,000, $500 now and commencing in November, 1908, $25 a month until paid.

ELLEN R. BELL,
RUTH J. MAURER."

Plaintiff recovered a judgment for $515, and the defendants brought error.

WILLIAM N. MARSHALL and MARTIN H. FOSS, for plaintiffs in error.

CASTLE, WILLIAMS, LONG & CASTLE, for defendant in error; HOWARD P. CASTLE, of counsel.

### Abstract of the Decision.

1. BILLS AND NOTES, § 13*—*when question of negotiability of instrument is immaterial.* The question whether an instrument meets the requirements of the Negotiable Instruments Act as to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

certainty of time of payment is immaterial where suit on such instrument is brought by the original payee, the money being unpaid and overdue at the time of suit.

2. BILLS AND NOTES, § 50*—*when defense of want of consideration is not available.* The defense of want of consideration for a note is not available where it appears that the payee sold stock in a certain business to the maker, even though the stock was not as valuable as the purchaser thought, or was worthless, there being no evidence of fraud.

3. CORPORATIONS, § 132*—*what is nature of certificate of stock.* Certificates of stock are but evidence of its ownership.

4. BILLS AND NOTES, § 57*—*when defense of partial failure of consideration not available.* In a suit on a promissory note given for stock in a corporation, it could not be contended that the consideration had partially failed because the certificates of stock were not delivered before suit was brought, since the stock would become the property of the defendant on payment.

5. BILLS AND NOTES, § 48*—*what defenses are available to accommodation maker.* An accommodation maker who is liable on a note given for the purchase of stock cannot avoid liability by contending that she received no consideration for signing the note.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.