**Bessie J. Newcomb, Appellee, v. George Eddy Newcomb, Appellant.**

**Gen. No. 30,233.**

1. NEGOTIABLE INSTRUMENTS—*sufficiency of plea in action upon note as plea of fraud.* No fraud or deceit is charged in a special plea in an action upon a promissory note wherein it is alleged that the note was given in exchange for the interest of the plaintiff in her father's estate, and the sole consideration for the note was the "representation, holding out, making believe and warranty of the said plaintiff of her interest in said estate, and her representation that it was of the value" of $5,000, when as a matter of fact the said interest was valueless and the estate insolvent.

2. NEGOTIABLE INSTRUMENTS—*evidence admissible touching alleged failure of consideration for note, where no fraud alleged.* Where, in an action upon a promissory note given in exchange for the interest of the plaintiff in her father's estate, there was no charge of fraud raised by the pleadings, no evidence was admissible touching what was said by the parties prior to the exchange, such exchange constituting in and of itself a consummated and fully executed contract in writing.

3. CONTRACTS—*worthlessness of agreed consideration for note as effecting failure of consideration.* There was no legal failure of consideration for a promissory note given in exchange for an assignment of the payee's interest in her father's estate, although the estate turned out to be insolvent and the payee's interest valueless.

4. NEGOTIABLE INSTRUMENTS—*admissibility of evidence of worthlessness of consideration for note, in absence of allegation of fraud.* Where the pleadings in an action upon a promissory note given in exchange for an assignment of the plaintiff's interest in her father's estate raise no issue of fraud involved in an alleged failure of consideration due to the fact that the estate turned out to be insolvent and the plaintiff's interest therein valueless, evidence as to the actual value or want of value of the assignment to defendant was incompetent because irrelevant to any issue in the case.

Appeal by defendant from the County Court of Cook county; the Hon. J. G. VAN KEUREN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Affirmed. Opinion filed January 20, 1926.

GUSTAV E. BEERLY, for appellant; ELLIS S. CHESBROUGH, of counsel.

JOHN R. NICHOLSON, for appellee; JOHN T. CHADWELL, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal by the defendant, George Eddy Newcomb, from a judgment in the county court of Cook county in the sum of $942.72 in favor of the plaintiff, Bessie J. Newcomb.

The suit was begun on October 30, 1922, on three

promissory notes, each dated October 21, 1910, and each for the sum of $250 with interest at 5 per cent per annum after maturity. They were admittedly all signed by the defendant, and payable to the plaintiff. They were given by the defendant, together with 19 others of like amount and a check for $250, to take the place of a $5,000 note which the defendant had given to her on October 21, 1907. The declaration set up the three notes, specially, and contained, also, the common counts.

The defendant filed a plea of the general issue, and, also, a special plea. The latter alleged that on October 21, 1907, the plaintiff sold to the defendant her pretended interest in the estate of George W. Newcomb, deceased, and pretended, held out, made believe and warranted that her interest in the said estate was then of a substantial value, and worth not less than $5,000, and thereupon the defendant upon the sole consideration of the sale, representation, holding out, making believe and warranty of her interest in the estate and her representation that it was of the value of $5,000 as payment of the above-mentioned price, made and delivered to her, the plaintiff, his promissory note in the sum of $5,000, dated October 21, 1907, payable 10 years after date, with interest at 5 per cent per annum; that on October 21, 1910, the plaintiff surrendered her $5,000 note and received from the defendant in lieu thereof, 19 notes, each for $250, all bearing date October 21, 1910, all without interest, and becoming due, one each year for the 19 succeeding years, the first being due on October 21, 1911; that at that time, October 21, 1910, the defendant paid to the plaintiff the sum of $250; that the $250 was given as part of the price, and the 19 notes "to secure payment of the balance of the residue" of the $5,000 note; that the interest of the plaintiff in the estate of George W. Newcomb at the time of the sale, representation, holding out, making believe and warranty, as above-mentioned,

was not of substantial value and was not worth $5,000, but was worthless; that the estate of George W. Newcomb at the time of his death and ever afterwards had no value, and was and remains insolvent; that the pretended sale by the defendant to the plaintiff was of no value to him; that although the estate was of no value and the plaintiff had no interest therein of any value, the defendant paid to her, after October 21, 1907, from his individual funds, the sum of $2,500; that as the result of the foregoing, the consideration for which the notes were given has wholly failed. There was a replication traversing the special plea. The cause was tried before the court with a jury. It was stipulated that as there were three other cases pending which involved similar issues to this, like judgments should be entered therein as in this.

At the trial, the plaintiff offered in evidence the three $250 notes, numbers 8, 9 and 10, due respectively October 21, 1918, October 21, 1919 and October 21, 1920, and testimony that the interest amounted to $192.74, making a total of principal and interest amounting to $942.72, and rested.

The defendant then introduced evidence, and proffered some evidence which was rejected, all in an effort, it was claimed, to prove the allegations of his special plea.

The evidence for the defendant which was admitted showed substantially the following: On April 3, 1901, George W. Newcomb died leaving a will. The will was filed and probated in the probate court of Cook county on April 11, 1901. His son, the defendant, was named executor, without bond. The will made certain specific bequests of his children and certain other relatives. It directed that his estate should not be divided until after the payment of all the just debts and claims against his estate were paid and settled, or satisfactorily secured or adjusted. The executor was given full power to sell and convey, lease and encumber any

or all of the real estate. Letters of administration were issued to the defendant. He took charge of the estate, filed annual accounts, and on April 8, 1910, filed his final settlement account. The final account recites that there was, on April 8, 1910, a deficit due the executor of $26,271.05, of which $20,000 was secured by executor's trust deeds and notes made under authority given by the will, and of which $6,271.05 was unsecured. In the final account, he asked that he be discharged and the estate declared settled. The probate court, on April 8, 1910, approved the account, discharged the executor and declared the estate settled.

While the estate was in the course of probate, and after some negotiations between the defendant and the plaintiff, the plaintiff gave to him a written assignment of all her interest in her father's estate, and on June 1, 1907, gave to him, the defendant, a special warranty deed, and the defendant on October 21, 1907, in open court, gave to the plaintiff a note signed by him for $5,000, payable in 10 years, with interest at 5 per cent per annum.

After April 8, 1910, the date of the closing of the estate, and while the defendant was in default on the interest on the $5,000 note, and after some correspondence and talk between the defendant and the plaintiff, he took up his personal note of $5,000, and in its stead, on October 21, 1910, gave the plaintiff 19 notes, each signed by him personally, each for $250; and also gave to her, the plaintiff, the check for $250. On the check was indorsed the words, "This is accepted as part payment of principal of note of October 21, 1907." That receipt was signed by the plaintiff. The $5,000 note contained the notation, signed by the plaintiff, "Paid, canceled and surrendered $4,750 balance by 19 notes November 9, 1910, as of October 21, 1910."

The 19 notes were payable, one each year, for 19 consecutive years. The three notes here sued upon are those falling due in 1918, 1919 and 1920.

The chief question in the case is whether, under the issue made by the special plea, the defendant was entitled to introduce evidence in an effort to show, (1) that the $5,000 note was without consideration, and (2) that there was no consideration for the three notes sued upon. The special plea alleges that the plaintiff "sold" her interest in her father's estate to him, the defendant, and that he gave to her the $5,000 note therefor; but it also alleges that the sole consideration was the "representation, holding out, making believe and warranty of the said plaintiff of her interest in said estate, and her representation that it was of the value" of $5,000, when as a matter of fact her interest was valueless, and the estate insolvent. No fraud is charged in the plea. It is charged that she pretended and made believe that her interest was worth $5,000, but it is not charged in any way that she had any knowledge to the contrary nor is it alleged that he did not know all about the value of her interest. The word "warranted" is used, but no facts are set up in the plea disclosing what was meant thereby.

It may be said at the outset, therefore, that as the issue was made by the pleadings, bearing in mind that the defendant alleged that the plaintiff sold her interest—and gave a written assignment and deed therefor to the defendant—and in consideration therefor the defendant gave to her, the plaintiff, the $5,000 note, and as no fraud was charged, no evidence was competent to show what was said between them prior to the exchange, which exchange constituted in and of itself a consummated and fully executed contract in writing. Then, too, the evidence introduced by the defendant showed the written assignment and deed and $5,000 note which were exchanged, and nowhere in the assignment or deed is it shown that the plaintiff made any representation as to the nature or quality or value of her interest in the estate. In our judgment, considering the issue of fact undertaken by the defendant in

his special plea and the evidence he introduced, the written assignment and deed, evidencing a conveyance of her interest in the estate on the one hand, constituted the consideration given by the plaintiff, and the $5,000 note on the other, was the consideration given by the defendant. But it is urged for the defendant that he was not allowed to show that the plaintiff gave no consideration; that the trial judge rejected his proffer to show that the estate was insolvent and that in consequence the plaintiff's assignment and deed were valueless. That argument seems to be based on a fallacy. As we have said, the conveyance of her interest by the written assignment and deed, in and by themselves, made the consideration, and when the defendant, as here, proved those facts, there being no charge of fraud, he had exhausted his right; and had actually affirmatively proved what the consideration was and that there was no failure of consideration.

What was in reality the actual value of the assignment and deed was immaterial. It has been held over and over again that such and kindred papers may in and of themselves constitute sufficient consideration to support a promise by the recipient. *Kerney v. Gardner,* 27 Ill. 162. The argument for the defendant is, in truth, not that he was not allowed to show a failure of consideration, but that he was not allowed to show that what he got turned out to be unprofitable; because the consideration he actually received, i. e., the assignment and deed of her interest in the estate did not turn out to be worth as much as he thought they would.

If we assume that the interest of the plaintiff in the estate depended upon its solvency, and if we assume that the estate was actually insolvent, it does not follow that there was a failure of consideration. The defendant got what he contracted for, an assignment and conveyance of her interest, so that there was no legal failure of consideration.

The defendant cites *Mann v. Smyser,* 76 Ill. 365. That case only holds that the defendant was entitled to show that certain articles which had been promised him had never been delivered. There, a bill of sale which was given to the defendant mentioned certain articles, and the court held that the defendant could show he never got them all. In the instant case, there is no claim that the defendant did not get all he contracted for, all that the assignment and deed purported to give. Emphasis, also, is put on the language of Mr. Justice Caton in *Morgan v. Fallenstein,* 27 Ill. 31, but an examination of the case shows that the court merely announced that in a suit upon a note, failure of consideration might be shown by parol. That is the law, but, as we have said, the evidence in the instant case shows that the consideration was made up of the assignment and conveyance of her interest in the estate and those the defendant admits he received.

In the *Kerney* case, *supra,* which was a suit upon a note given for a deed conveying to the defendant all plaintiff's interest in certain property, the court said:

"If he had been unwilling to risk such a title as appellee had, he should have refused to purchase, or he should have contracted for covenants of title, in the conveyance he was to receive."

Similar law is set forth in *Raymond v. Raymond,* 64 Mass. 134. In that case, suit was brought upon a note which had been given for a special warranty deed. The defendant pleaded that the grantor had no title and no interest in the property and that there was a failure of consideration. In that case it was shown that the grantor did actually orally promise to pay certain notes which were a lien on the property, and yet, the court said:

"But the defendant neglected to guard against it, in the covenant in the deed of the plaintiff. He took a deed with covenants of a very limited character, and having thus taken certain express covenants of his

vendor, he must be restricted to them, and cannot now engraft upon them the more extended engagement found in the verbal promise made at the time of executing the deed. A deed with a covenant of warranty against all persons claiming by, through, or under the grantor, cannot be thus extended to a general covenant of warranty against all persons. The misfortune of the defendant is, that he did not require more full covenants of warranty."

*Newton v. Clarke,* 138 Ill. App. 196; *Crowther v. Bell,* 190 Ill. App. 48; *Riley v. International Banana Food Co.,* 185 Ill. App. 629. The latter case shows clearly why, on the ground of irrelevancy, testimony, concerning what transpired prior to the exchange of the assignment and deed for the $5,000 note, was incompetent because it would tend to vary the terms of the written contract. *Schneider v. Turner,* 130 Ill. 28; *Hagen v. Lehmann,* 317 Ill. 227; *Linn v. Clark,* 295 Ill. 22; *Simanovich v. Wood,* 145 Mass. 180. If this were a proceeding in equity by the defendant on the ground of fraud, or a proceeding based upon consciously false representations, the proffered evidence might be admissible, as tending to show actionable deceit or fraud. Wigmore on Evidence, vol. 5, section 2439(a). As the issue, however, in the instant case, does not involve fraud or deceit, but pertains solely to the question of the failure of consideration, it follows that the evidence offered was incompetent. In our judgment, none of the proffered evidence which pertained to what was said and done prior to or contemporaneously with the exchange of the instruments was competent as tending to show a failure of consideration for the $5,000 note.

The judgment, therefore, will be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.