In re Estate of Eugene N. Berbecker, Deceased. Henry F. Reese, Appellant, v. Estate of Eugene N. Berbecker, Appellee.

Gen. No. 37,329.

Opinion filed October 16, 1934.

KENNETH G. MEYER, for appellant.

MCGILVRAY, EAMES, VAUGHAN & TILLEY, for appellee; A. G. HUMPHREY, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In the probate court of Cook county, Henry F. Reese, appellant, filed a claim against the estate of Eugene N. Berbecker, deceased; based upon a note for $4,000, signed by Berbecker, dated October 1, 1929, payable to appellant one year after date. The claim was allowed in full by the probate court. The Estate appealed to the circuit court of Cook county, where the cause was tried' *de novo* before the court without a jury. From a finding and judgment entered dismissing the claim appellant has appealed.

The parties stipulated as to the following facts:

"1. That, at some time prior to, to-wit, October 30, 1928, said Henry Reese was the owner of certain bonds upon which he had been receiving interest regularly when due; that shortly prior to said date, said Henry Reese was advised by the Cashier of the Arlington Heights State Bank that the bonds mentioned above had been called; that said Cashier then suggested that said Henry Reese reinvest the proceeds of the bonds then owned by said Reese through said Cashier; that as a result of such conversation, and in reliance upon the statements and recommendations of said Cashier, said Henry Reese purchased, on, to-wit, October 30, 1928, four (4) Ten Year Convertible 6% Gold Debenture Bonds of International Hotels, Inc., a corporation of Delaware, bearing numbers M-515 to M-518, both inclusive, having a face value of $1,000.00 each, all dated October 1, 1928, due October 1, 1938, bearing interest at 6% per annum, payable semi-annually on the first day of April and October in each year as evidenced by interest coupons attached to each of said bonds.

"2. That the interest due on April 1, 1929 on said bonds was not paid by the makers thereof; that said Henry Reese, not knowing of said default, deposited interest coupons due April 1, 1929 from each of said bonds for collection with the Arlington Heights State Bank and that, in some manner unknown to the parties hereto the amount represented by said interest coupons was credited to the account of said Henry Reese at said bank and never deducted therefrom.

"3. That on or about October 1, 1929 said Henry Reese deposited for collection the coupons evidencing the interest due October 1, 1929 on said bonds; that the amount thereof was not collected and the said coupons returned to said Henry Reese; that, upon receiving said returned coupons, said Reese conferred with the Assistant Cashier of said Arlington Heights

State Bank who then stated that he would refer the matter to the Board of Directors and tell said Henry Reese the result of their actions.

"4. That, subsequent to the conversation last above mentioned, the Assistant Cashier of said Arlington Heights State Bank told said Henry Reese that Eugene N. Berbecker, above named decedent, would take said bonds from him, the said Henry Reese; that said Reese, about the middle of October, 1929, conferred with Eugene N. Berbecker, who then was President of said Bank, and, upon delivering to him the bonds of International Hotels, Inc., hereinabove described, received from said Eugene N. Berbecker a principal note dated as of October 1, 1929 signed by said Eugene N. Berbecker for the principal sum of $4,000.00, payable one year after date; that the claim of Henry Reese herein is based upon said note; that said Eugene N. Berbecker paid interest on said note to said Henry Reese from time to time and up to and including October 1, 1932. That said bonds are included in the inventory of the assets of the estate of Eugene N. Berbecker filed in the Probate Court of Cook County, Illinois, and therein designated as 'deemed desperate'.

"5. That the bonds of International Hotels, Inc., had no market value during the month of October, 1929; that there is no record of any market value or of any sales of said bonds during the month of October, 1929 nor since said time. That the only asset ever owned by said International Hotels, Inc., the maker of said bonds was an option to enter into a contract to manage hotels in various parts of the United States; that said option was forfeited prior to October 1, 1929."

In addition to the foregoing stipulated facts, the claimant (appellant), Reese, objection to his competency having been waived, testified that he lived at Arlington Heights and had been a farmer, but then lived in town; that he had known Eugene N. Berbecker

for about fifteen years before the latter's death. (Here the witness identified the signature upon the note as that of Berbecker.) The witness further testified that he was the owner of the note and the payee named in it, and that he had received all interest due upon the note ''up to October 1, 1932''; that he had bought bonds from the Arlington Heights State Bank and ''they were called in and they gave me some other bonds, the cashier of the bank''; that he sent in the first coupons upon the bonds to the bank for collection and he ''got the interest on them,'' but that he never knew that they were defaulted; that the second time, October 1, coupons were brought in for collection again and they were returned to him; that sometime during the month of October Henry Henning, the cashier of the bank, called him in and, after calling his attention to the fact that the interest coupons had been returned, told him that Mr. Berbecker wanted to see him regarding the bonds; that the witness should come to the bank to see Mr. Berbecker; that the witness called at the bank and Berbecker took him into the directors' room; ''Q. What did Mr. Berbecker say to you at that time? A. Well, he (Berbecker) said, 'I am sorry that this thing occurred at this bank, and I want to keep the reputation of the institution; so I am going to take over these bonds and give you a personal note against me.' Q. What did you say? A. I said, 'I'll accept that' ''; that there was nothing said about the value of the bonds; that at the time he purchased the International Hotels, Inc., bonds he thought he was dealing with the bank; that the cashier told him that ''they stood in back of everything that they sold''; that at the time of his talk with Mr. Berbecker in the directors' room the latter said, ''I didn't think William would sell such bonds, do such things.'' ''Q. Was anything mentioned about cash? A. No, he said he did not have the money at present and he would give me a note for a year; he said maybe times would be better,

and he would pay me up." The foregoing is all the evidence that was heard by the trial court. At the conclusion of the hearing the court, in deciding the claim, made the following statement: "Well, I am reluctant to hold as I do, but I feel that I am compelled to hold . . . that the note was intended as a gift, and was a mere promise to make a gift in the future."

We are entirely unable to agree with this decision advanced by the trial court, or with the contention of appellee that "the transaction whereby the note here in question was given to plaintiff was not a purchase of bonds by the maker of said note but was merely a gift of the note by the maker to the payee." In support of its contention appellee refers to the statement of Berbecker to the claimant, viz., "I will take those bonds and *give* you my personal note," and argues that the use of the word "give," by the deceased, conclusively shows that he intended the note as a gift. We cannot give such a strained interpretation to that word, which is very commonly used by one making a purchase or an exchange. A gift, as defined by the authorities, is a voluntary transfer of property by one to another without any consideration or compensation therefor. If Berbecker intended the note as a gift, why did he take the bonds? During his lifetime he paid three annual instalments of interest due on the note, and the bonds delivered to him by the claimant are now included in the assets of his estate. The estate makes no claim of fraud in connection with the transaction, nor does it claim any warranty of the bonds. The claimant had no knowledge as to the value of the bonds, but the deceased, as appears from the facts, had knowledge of the character and value of them. In exchange for the note the deceased got what he contracted for, the bonds, and during his lifetime he lived up to his contract by paying interest on the note. If, after the transaction in question, the bonds had proved to be valuable, could appellant have ob-

tained the return of them by any legal proceeding?
We think not. In 3 R. C. L., p. 946, sec. 142, it is
stated:

"It is no defense to an action on a note, that the
article for which it was given proved to be worthless,
where there is no fraud, or failure of title, and no
express warranty. Where a party gets all the con-
sideration he voluntarily and knowingly contracts for,
he will not be allowed to say that he got no considera-
tion."

In *Reed v. Prentiss,* 1. N. H. 174, where the defense
to an action on a note was that the article for which
it was given proved to be of no value, the court said,
p. 177:

"The defendant deliberately gives his note and re-
ceives the article stipulated for, and should its quality
prove bad, without any fraud or warranty by the
vender, the vender is innocent; and it is no more rea-
sonable that the misfortune should fall upon him than
upon the vendee. Without deceit or a special contract,
the seller is not responsible for the goodness of articles
sold: and the maxim of *caveat emptor* applies in full
force. When the specific chattels, thus purchased, are
delivered to the buyer, all is passed, which the parties
engage; and it would be a solecism to pronounce, that
the note for them was given without consideration,
when the whole subject matter of the consideration
was delivered in conformity to the contract. The fol-
lowing cases, adjudging, that the mere failure of con-
sideration is no defense to an action of this description
seem conclusive for the plaintiff. 1 Day 167. *Pollard
v. Lyman,* 2 Joh. 179, nt. *Darland v. Lumnis,* 4 Do.
421. *Holden v. Dakin,* 5 Do. 354, .404. Consequently
judgment must be entered on the verdict." (See also
*O'Neal v. Bacon,* 1 Houston (Del. Rep.) 215; *Bryant
v. Pember,* 45 Vt. 487.)

The defense of want of consideration for a note is
not available where it appears that the payee sold
stock in a certain business to the maker, even though

the stock was not as valuable as the purchaser thought, or was worthless, there being no evidence of fraud. (*Crowther v. Bell,* 190 Ill. App. 48.) Where property is the consideration of the note there can be no failure, except there be a warranty or fraud. (*Leggat v. Sands' Ale Brewing Co.,* 60 Ill. 158. See also *Kerney v. Gardner,* 27 Ill. 162, 168, 169; *Newcomb v. Newcomb,* 239 Ill. App. 256, 262.)

"It is not a subject of inquiry whether the contract was wise or unwise on the part of the appellant, or whether it was profitable or unprofitable. It is enough to know that the contract was fairly made in reference to a subject about which it was lawful for the parties to contract." (*Townsend v. Water Com'rs,* 63 Ill. 26, 29. See also *Myers v. Turner,* 17 Ill. 179, 183.)

A general rule followed in cases of this character is that a failure of benefit resulting from the consideration does not, in itself, constitute a failure of consideration.

We find, as a fact, that the note in question was not a gift, and we further find, as a fact, that there was a consideration for the same. Under the admitted facts and the law the claim of appellant must be allowed. The entire principal ($4,000) is still due claimant. In addition there is interest at seven per cent due him from October 1, 1932, to date, amounting to $560. Under section 89 of the new Practice Act no further findings of fact are necessary. Cahill's St. ch. 110, ¶ 217. The judgment of the circuit court of Cook county is reversed and judgment is entered here in favor of appellant, Henry F. Reese, and against appellee, estate of Eugene N. Berbecker, deceased, in the sum of $4,560.

*Reversed, and judgment in this court in favor of appellant, Henry F. Reese, and against appellee, Estate of Eugene N. Berbecker, deceased, for $4,560.*

GRIDLEY, P. J., and SULLIVAN, J., concur.