William F. Pelham, Respondent, v. Charles B. Hopper, Petitioner.

Gen. No. 40,757.

Opinion filed October 31, 1939.   Rehearing denied November 16, 1939.

CATTELL & WALDRON, of Chicago, for appellant; W. SCOTT McDOWELL, of Chicago, of counsel.

MARCH & ROSSITER, of Chicago, for appellee; BENJAMIN F. MARCH, LYLE H. ROSSITER and W. D. SELLERS, all of Chicago, of counsel.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This action was brought by plaintiff, William F. Pelham, the payee of a promissory note in the sum of $3,750, dated October 1, 1929, against the maker thereof, Charles B. Hopper, defendant, to recover the unpaid balance of principal due thereon amounting to $2,750 and interest from October 31, 1930, when the last payment was made on account of said note. The jury having found the issues against plaintiff, a motion for a new trial was granted. Defendant's petition for

leave to appeal from the order of the trial court grant-
ing a new trial having been allowed by this court, that
order is before us for review.

Plaintiff's statement of claim is in the usual form
with a copy of the note attached. Defendant's sole de-
fense of "no consideration" is set forth in his third
amended affidavit of merits as follows:

"CHARLES B. HOPPER makes oath and says that he is
the Defendant in the above entitled cause and that he
verily believes that he has a good defense to this suit
upon the merits, to the whole of the Plaintiff's demand.

"Affiant further states that the defense of the De-
fendant to said suit is as follows:

"(1) There was no consideration for the execution
of the note sued upon.

"(2) The Defendant was not at the time of the giv-
ing of said note, indebted to the Plaintiff upon any con-
sideration whatsoever.

"(3) The promise of the Defendant was a mere,
naked promise, without any good or valuable con-
sideration therefor.

"(4) There is a total and complete lack of considera-
tion for the note sued upon.

"(5) The Defendant is not indebted to the Plaintiff
for the sum sued upon or for any other sum, whatso-
ever."

The promissory note involved dated October 1, 1929,
including the indorsements on the reverse side thereof
showing payments by said defendant of $400 on Janu-
ary 2, 1930, and $600 on October 31, 1930, on account of
the principal of the note, was offered and admitted in
evidence. The execution of the note by Hopper is not
contested. It appeared from the testimony of defend-
ant that July 1, 1928, he purchased shares of capital
stock of the William F. Pelham Co. for $5,000 from
plaintiff, the president and a director of said corpora-
tion; that certificates for such shares were duly issued
and delivered to defendant; and that defendant paid

$1,250 of said purchase price prior to October 1, 1929, leaving $3,750 due on same on said date, for which the note in question was given.

The evidence of defendant not only did not sustain his sole defense of want of consideration but clearly refuted such defense. "The defense of want of consideration for a note is not available where it appears that the payee sold stock in a certain business to the maker, even though the stock was not as valuable as the purchaser thought, or was worthless, there being no evidence of fraud." *Crowther v. Bell*, 190 Ill. App. 48.

" 'It is no defense to an action on a note, that the article for which it was given proved to be worthless, where there is no fraud, or failure of title, and no express warranty. Where a party gets all the consideration he voluntarily and knowingly contracts for, he will not be allowed to say that he got no consideration.' " *In re Estate of Berbecker*, 277 Ill. App. 201.

But one issue was presented for trial in this cause and that was whether or not there was a total want or failure of consideration for the note. Such confusion and difficulty as have arisen have been caused by the erroneous admission in evidence by the court of matters entirely extraneous to the only issue raised by the pleadings. The purported violation of the Blue Sky Law by plaintiff in the sale of the Pelham Company stock to defendant had no place in the trial of this case. Neither did the bankruptcy of the Pelham Company in 1933 nor its liquidation in 1934, four and five years, respectively, after the execution of the note by defendant. The purpose of defendant in presenting the evidence as to the bankruptcy and liquidation of the Pelham Company was to show that the shares of capital stock of that company, which he had purchased and paid for with his note on October 1, 1929, had become worthless. Such evidence was incompetent and prejudicial. Many business concerns which were sound and solvent on

October 1, 1929, were unable to weather the depression years up to 1933 and since. Obviously the subsequent failure of a company cannot constitute a defense to a claim on a note given in payment for the capital stock of such a company at a time when same was solvent. As was said in *In re Estate of Berbecker, supra,* "It is no defense to an action on a note, that the article for which it was given proved to be worthless, where there is no fraud, or failure of title, and no express warranty." Neither fraud, failure of title nor express warranty in the sale of the stock was alleged or proven by defendant.

What defendant really relied upon at the trial and attempted to show by way of defense was that plaintiff violated the Blue Sky Law in that the corporate stock which he sold to defendant and for which the note in question was given in payment was not qualified under the act and was not exempt from qualification. If the provisions of the Blue Sky Law afforded defendant a defense to this action it was incumbent upon him to plead such a defense specially and in order to avail himself of any right of defense conferred by that statute it was necessary for him to allege such ultimate facts as would bring him within its terms. That evidence of failure to qualify stock under the Illinois Securities Act [Ill. Rev. Stat. 1937, ch. 121½, § 96 *et seq.; Jones Ill. Stats. Ann. 13.01 et seq.*] is not admissible when the sole defense interposed by the affidavit of merits is "no consideration" is elementary and requires no citation of authority. That defendant recognized the necessity of pleading specially his purported defense under the Blue Sky Law is apparent from the fact that in three successive affidavits of merits filed by him prior to that upon which the case went to trial, he alleged substantially that the common stock of the William F. Pelham Co. was not qualified under the Illinois Securities Act and was not exempt from qualification. All three of these affidavits of merits were

stricken on plaintiff's motion. Defendant apparently abandoned his attempt to plead plaintiff's violation of the Blue Sky Law as a defense because he found it impossible to allege or prove the facts necessary to bring himself within its essential terms. In his brief defendant sets forth par. 289, ch. 32, Cahill's Ill. St. 1927 (sec. 36, Illinois Securities Act) as follows:

"It shall be unlawful for any officer, director, solicitor, broker or agent, to sell or offer for sale any securities in Class 'D', in any other manner or form than specifically set forth in the information required to be filed in section 9 of this Act, and any offer or sale upon any other terms or conditions other than set forth, shall be considered *prima facie* evidence that such officer, director, trustee, solicitor or agent offered or sold same for the purpose of defrauding the investor to whom such security was offered or sold."

Defendant, however, neither quoted nor referred to subsection 1 of section 37 and section 40 of said act, which provide as follows:

"37. (1) Every sale and contract of sale made in violation of any of the provisions of this Act *shall be void at the election of the purchaser,* and the seller of the securities so sold, the officers and directors of the seller, and each and every solicitor, agent or broker of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, in an action at law or in equity, *upon tender to the seller or in court of the securities sold,* to the purchaser for the amount paid, the consideration given or the value thereof, together with his reasonable attorney's fees in any action brought for such recovery.

"40. No prosecution for violation of any provision of this Act shall bar or be barred by any prosecution for the violation of any other provisions of this Act or of any other statute; but *all prosecutions and all civil actions to recover money or for other purposes*

*under this Act or based upon any provision of this Act must be commenced within five years after the commission of the act complained of.''* (Italics ours.)

It will be noted that under the foregoing subsection 1 of section 37 sales of securities made in violation of the provisions of the act are not declared void but merely voidable. In other words they ''shall be void at the election of the purchaser.'' It will also be noted that under section 40 the purchaser must so elect to declare the sale void within five years from the date of the transaction.

As heretofore shown the note in evidence was executed by defendant and delivered to plaintiff on October 1, 1929. This action was commenced November 2, 1937. It is undisputed that defendant did not within five years from the date he purchased the stock and gave his note in payment thereof elect to void the sale and tender to plaintiff the securities purchased. Sales made contrary to the provisions of the Illinois Securities Law are voidable only and the buyer's right to recover from the seller is based upon rescission of sale. (*Glen v. Dodson*, 347 Ill. 473.) There was no rescission by defendant of the sale of the stock in this case. If a sale of securities made in violation of the securities law is not rescinded within five years under the Illinois statute it is valid and binding to all intents and purposes. Since it clearly appears that any right defendant may have had to rescind his purchase of the stock and recover from plaintiff such amount as he paid for same was barred by his failure to elect to do so within the five years' limitation prescribed by the statute, it necessarily follows that defendant is precluded from urging any claimed violation of the Blue Sky Law as a defense to plaintiff's claim on the note.

Even though it be assumed that all the evidence presented by defendant was competent, still no legal defense was shown under defendant's affidavit of merits or otherwise. The evidence adduced by defendant dis-

closes that the stock sold was that of a solvent corporation at the time of the transaction, that the sale was fair, that there was no fraud, that there was no false warranty, that the sale of the stock was not rescinded within five years from the date of the sale as provided in the Securities Act and that there was no tender of the stock purchased by defendant even upon the trial. The verdict for defendant in this cause must have resulted from prejudice and sympathy engendered in the minds of the jurors by the admission of the totally incompetent evidence heretofore referred to.

For the reasons stated herein the order of the municipal court allowing plaintiff's motion for a new trial is affirmed.

*Order affirmed.*

FRIEND and SCANLAN, JJ., concur.